IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRY CHAMBERS, § | |
| Plaintiff, § | |
| v. § | No. 3:14-CV-569-BF |
| TROY-BILT, LLC, § | |
| Defendant. § | |

## MEMORANDUM OPINION & ORDER

Pursuant to 28 U.S.C. § 636(c) and an Order from the District Court transferring this case, this is now a consent case before the United States Magistrate Judge Paul D. Stickney. *See* Order, ECF No. 112. Before the Court is Troy-Bilt, LLC's ("Defendant") Motion for Summary Judgment [ECF No. 80]. For the following reasons, the Motion for Summary Judgment [ECF No. 80] is GRANTED.

## BACKGROUND

Plaintiff alleges that on the afternoon of February 12, 2012, his lawn mower exploded and caught on fire when he was putting his lawn mower back into his garage after cutting his grass. Am. Compl. 4, ECF No. 15. Plaintiff contends that the fire and explosion originated in the engine/fuel compartment of a riding lawn mower that was designed, manufactured, and marketed by Defendant. *Id.* at 3, ECF No. 15. Plaintiff contends that he sustained injuries which include a third-degree burn on his left forearm and hand, as well as a second degree burn on his back/buttocks. *Id.* at 4, ECF No. 15. Plaintiff states that he underwent numerous procedures, including major surgeries and multiple skin grafts. *Id.*, ECF No. 15. In addition, Plaintiff contends that the contents of his garage were damaged or destroyed, including one of his vehicles. *Id.*, ECF No. 15. On January 13, 2014, Plaintiff filed his Original Petition in the County Court at Law No. 3, in Dallas, Texas alleging strict product liability, negligence, breach of warranties, and gross negligence against Defendant, Kohler Co.

("Kohler"), and Lowe's Companies, Inc. ("Lowe's"). *Id.* at 1, 4-8, ECF No. 2. On February 14, 2014, the case was removed to the Northern District of Texas based on diversity jurisdiction. *See* Notice of Removal 2, ECF No. 1. Plaintiff subsequently dismissed with prejudice his claims against Kohler on October 6, 2015, and Lowe's on October 15, 2015. *See* Stipulations of Dismissal, ECF Nos. 73 & 75. Defendant filed its Motion for Summary Judgment on October 30, 2015. Mot. for Summ. J., ECF No. 80.

## **STANDARD OF REVIEW**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is 'material' if its resolution is outcome determinative." *Thompson v. Syntroleum Corp.*, 108 F. App'x 900, 902 (5th Cir. 2004) (citing *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994)). "An issue is 'genuine' if the evidence is sufficient for a reasonable fact-finder to find in favor of the non-movant." *Id.* A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets his burden, the nonmovant must then point to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See*

2

*Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## ANALYSIS

Defendant argues that it is entitled to summary judgment on the following grounds: (1) all of Plaintiff's product related claims fail as a matter of law, because Plaintiff's deposition testimony is a judicial admission; and (2) Plaintiff's only fire causation expert, Richard Dyer is not a competent witness because he is not licensed in Texas. Def.'s Br. 1, ECF No. 81. Defendant argues that Plaintiff's deposition testimony regarding events before the subject fire is contrary to the essential causation facts and elements of his product related claims against Defendant. *Id.* at 9, ECF No. 81. Defendant also argues that Plaintiff's deposition testimony is clear, unequivocal and deliberate. *Id.* at 12, ECF No. 81; Terry Chambers Dep. 15, 26-28, ECF No. 82-6. Defendant cites Plaintiff's expert, Richard Dyer's testimony wherein he stated that "if everything in Mr. Chambers' deposition was correct . . . there would be insufficient temperature at the exhaust of the mower to provide a competent ignition source to ignite gasoline vapor." Dyer Dep. 102, ECF No. 82-8; Def.'s Br. 11, ECF No. 81. Defendant argues that if Plaintiff's testimony is judicially established and accepted, then Dyer has no admissible fire causation opinion and Plaintiff cannot, as a matter of law, prevail on any of his claims against Defendant. Def.'s Br. 11, ECF No. 81. Defendant argues that giving conclusive effect to Plaintiff's unequivocal testimony regarding the events leading up to the fire is consistent with the policies underlying *Mendoza* which holds that a judicial admission relieves the opposing party of its burden of proving the admitted fact and precludes the party from disputing it. Def.'s Br. 14, ECF No. 81; *Mendoza v. Fidelity & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). In addition, Defendant argues that it is also entitled to summary judgment, because Texas Occupations Code, Section 1702.101 ("Section 1702.101") precludes Dyer from testifying as

3

to the cause of the fire in this case because he is not licensed or certified in Texas. Def.'s Br. 16, ECF No. 81. Defendant argues that it is entitled to summary judgment, because if Dyer's testimony is excluded, Plaintiff will not be able to establish the essential element of causation. *Id.* at 17, ECF No. 81.

In the Response, Plaintiff argues that under well-settled federal procedural law, any adverse statements made by Plaintiff are "evidentiary admissions" that are subject to rehabilitation at trial, and Defendant may not obtain dispositive relief by citing deposition testimony excerpts out of context. Pl.'s Resp. 1, ECF No. 102. In addition, Plaintiff argues that Defendant's suggestion that an expert must be licensed in Texas in order to testify in a Texas court does not have any foundation in the law. *Id.* at 1, ECF No. 102. Plaintiff argues that all of Defendants' arguments fail, because they are premised on Texas law, which does not apply to the issues in this case. *Id.* at 1, ECF No. 102. Plaintiff argues that the Federal Rules of Evidence govern the admissibility of evidence in federal courts, and the fact that some Texas courts may allow a party's statement in a deposition to serve as a judicial admission is irrelevant to this Court's analysis. *Id.* at 2, ECF No. 103. Plaintiff contends that federal courts treat adverse statements made at trial or during a deposition as evidentiary admission, not a judicial admission, and judicial admissions in federal court are formal concessions made in pleadings or stipulations by a party or counsel that are binding on the party making them. *Id.* at 3, ECF No. 103 (citing *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476-77 (5th Cir. 2001)). Therefore, Plaintiff argues that the Fifth Circuit has denied motions for judgment as a matter of law that are solely based on a party's testimony against his own interest. *Id.* at 3-4, ECF No. 103 (quoting *Gray v. Am. Cyanamid Co.*, No. 92-7118, 1994 WL 242630, at *2 (5th Cir. May 17, 1994)).

Plaintiff argues that he and his wife gave different renditions of the facts at issue and the

Court should permit them to testify as to what they recall and allow defense counsel to challenge their credibility with any inconsistent statements. *Id.* at 6, ECF No. 103. Plaintiff points out that his wife testified that he used the lawn mower for nine to ten minutes before turning it off, and Kevin Sevart, Plaintiff's mechanical-engineering expert testified that the auto-ignition temperature for gasoline vapor is 595 degrees, and his testing of an exemplar unit revealed that the exhaust temperature on the left side of the muffler reached 725 degrees after only three minutes of operation. *Id.* at 7, ECF No. 103. Plaintiff points out that based on these tests and his wife's testimony, Richard Dyer concluded that the source of the fire was the engine's hot surface. *Id.* at 7, ECF No. 103. Plaintiff argues that, because a reasonable juror could believe his wife's testimony over his testimony, and because there are no meritorious challenges to Sevart's or Dyer's ability to offer their opinions, a genuine issue of material fact remains in dispute. *Id.* at 7, ECF No. 103.

Plaintiff also argues that Defendant's arguments regarding Dyer's lack of competence to testify ignore pertinent case law. *Id.* at 7, ECF No. 103. Plaintiff argues that while Defendant contends that his fire-origin expert must be licensed in Texas, the second district court of appeals recently addressed the provision of the Occupations Code that Defendant relies on and rejected the same argument that Defendant makes here. *Id.* at 8, ECF No. 103. Plaintiff explains that in *Orr v. State*, 306 S.W.3d 380, 401 (Tex. App.-Fort Worth 2010, no pet.), the defendant argued that the trial court erred by admitting the testimony of the state's fire investigation expert because he was not licensed to conduct fire investigations in Texas, but the court concluded that even if an expert witness violated the Occupations Code, the appropriate remedy would be a civil fine payable to the state, not the exclusion of his testimony. *Id.* at 8, ECF No. 103. Plaintiff argues that this result is also consistent with the Texas appellate courts' interpretation of Rule 702, which Defendant relies on.

5

*Id.* at 8, ECF No. 103. Plaintiff points out that the court in *Tidwell v. Terex Corp.*, No. 01-10-1119-CV, 2012 WL 3776027, at *12 (Tex. App.-Houston [1st Dist.] Aug. 30, 2012, no pet.) concluded that nothing in Rule 702 requires an expert to be licensed to qualify as an expert, and that the plain language of Rule 702 and case law interpreting it provide that the expert's experience alone can be a sufficient basis to qualify a witness an expert. *Id.* at 8-9, ECF No. 103. Plaintiff further argues that Defendant's reliance on *Prellwitz* is misguided because that is a case where the plaintiff attempted to prove that his architect committed malpractice by offering the expert testimony of persons who were not architects, and the Texas court of appeals affirmed the trial court's decision to exclude the testimony because, "a witness who is to give an expert opinion about the standard of care within a particular licensed profession must be licensed in that same profession." *Id.* at 9-10, ECF No. 103 (quoting *Prellwitz v. Cromwell, Truemper, Levy, Parker, & Woodsmale, Inc.*, 802 S.W.2d 316, 317 (Tex. App.-Dallas 1990, no writ)). Plaintiff contends that he has not designated Dyer to discuss standard of care within a particular licensed profession, but rather to offer his opinions about the origin of a fire. *Id.* at 9-10, ECF No. 103.

In the Reply, Defendant argues that Plaintiff erroneously asserts that it took his deposition testimony about the fire out of context. Reply 1, ECF No. 109. Defendant argues that Plaintiff's description of the events leading up to the fire was made clearly, deliberately, and unequivocally on several occasions, and his descriptions never wavered or varied. Reply 1-2, ECF No. 109. Therefore, Defendant argues that Plaintiff failed to make any showing that the testimony was contextual, ambiguous, equivocal, or anything less than clear and deliberate. Reply 2, ECF No. 109. Furthermore, Defendant argues that Plaintiff's deposition testimony constitutes a judicial admission under Fifth Circuit law. Reply 3, ECF No. 109. In addition, Defendant contends that Plaintiff's

argument that his deposition testimony should be treated as an evidentiary admission as opposed to a judicial admission does not change the outcome. Reply 4, ECF No. 109. Defendant cites *Johnson* where the District Court stated that, even if it treated the plaintiff's admission as being evidentiary, the defendant was still entitled to summary judgment because "a party cannot create an issue of fact in the face of an evidentiary admission unless the party contradicts and explains the disavowed statement." *Johnson v. IDEXX Labs., Inc.*, No. 3:06-CV-381-M, 2007 WL 1650416, at *2 (N.D. Tex. June 4, 2007) (citing *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984)). Defendant argues that Plaintiff neither contradicted his admission nor offered any explanation for any change, but rather points to the testimony of his wife, which is neither a disavowal by Plaintiff nor an explanation for changing Plaintiff's sworn, unambiguous testimony. Reply 4-5, ECF No. 109. Defendant further points out that Plaintiff's wife admitted that she was "guessing" and did not know how long the lawn mower was running. Reply 5, ECF No. 109. Defendant argues that Plaintiff's wife's speculative estimate is itself inadmissible and insufficient to create a genuine issue of material fact. Reply 5, ECF No. 109 (citing *Webster v. Tex. Eng'g Extension Serv.*, No. 3:97-CV-2505-L, 1999 WL 261925, at *5 (N.D. Tex. Apr. 23, 1999)). Therefore, Defendant argues that Plaintiff's admission, whether construed as judicial or evidentiary, when coupled with the testimony of Plaintiff's only causation expert is dispositive. Reply 5, ECF No. 109. With respect to Dyer, Defendant argues that Plaintiff relies on inapplicable criminal case law, mis-characterizes Defendant's argument, and failed to demonstrate that Dyer is competent to testify without the investigative license required by the Texas Occupations Code. Reply 6, ECF No. 109.

"Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476-77 (5th Cir. 2001). "A statement

made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact." *Id.* (citing *McCullough v. Odeco., Inc.*, Civ. Action No. 90-3868, 1991 WL 99413, at *2 (E.D. La. May 30, 1991)). "By contrast, an ordinary evidentiary admission is 'merely a statement of assertion or concession made for some independent purpose,' and it may be controverted or explained by the party who made it." *Id.* (quoting *McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959)). "A plaintiff's statement during a deposition regarding the basis for his or her claims constitutes a judicial admission unless it is made for a purpose other than 'releasing the opponent from proof of fact.'" *Garcia v. EHealthScreening, LLC*, No. SA:12-CV-1213-DAE, 2014 WL 517484, at *3 (W.D. Tex. Feb. 7, 2014) (quoting *Johnson*, 2007 WL 1650416, at *1); *see also Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3653516, at *6 (E.D. Tex. May 31, 2016) ("There is authority in the Fifth Circuit establishing that deposition testimony may constitute case-dispositive judicial admissions." (citing *Jonibach Mgmt. Trust v. Wartburg Enters.*, 750 F.3d 486, 492 n.2 (5th Cir. 2014); *Martinez*, 244 F.3d at 474; *Johnson*, 2007 WL 1650416, *2)).

As Defendant argues, Plaintiff's deposition testimony is clear, unequivocal, and deliberate. Def.'s Br. 12, ECF No. 81; Terry Chambers Dep. 15, 26-28, ECF No. 82-6. Further, Plaintiff's expert, Richard Dyer testified that "if everything in Mr. Chambers' deposition was correct . . . there would be insufficient temperature at the exhaust of the mower to provide a competent ignition source to ignite gasoline vapor." Dyer Dep. 102, ECF No. 82-8; Def.'s Br. 11, ECF No. 81.[1] As Defendant

---

1. As Plaintiff points out, the Texas court of appeals explained in *Orr v. State*, 306 S.W.3d 380, 401 (Tex. App.-Fort Worth 2010, no pet.) that even if an expert is not licensed to conduct investigations in Texas as required under Section 1702.101, the appropriate remedy is a civil fine, not the exclusion of the testimony. Pl.'s Br. at 8, ECF No. 103. While *Orr* is a criminal case as Defendant points out in its Reply, the court's analysis of Section 1702.101 in that case is applicable to civil cases. *See* Reply 6, ECF No. 109; *Orr*, 306

argues, whether Plaintiff's deposition testimony is considered judicial or evidentiary, the result is the same in that Plaintiff "cannot create an issue of fact in the face of an evidentiary admission unless [he] contradicts and explains the disavowed statement." *See* Reply 4, ECF No. 109 (quoting *Johnson*, 2007 WL 1650416, at *2); *see also Blue Spike, LLC*, 2016 WL 3653516, at *6 ("Even if the Court considered Mr. Moskowitz's testimony to be merely 'evidentiary' rather than judicial admissions, the Court would still agree with Audible Magic that Blue Spike has not proffered any timely evidence from Mr. Moskowitz or other source to overcome the testimony. Rather, Blue Spike relies on attorney argument and an untimely supplemental surreply, which are insufficient to overcome summary judgment.").

In addition, as Defendant points out, Plaintiff did not contradict his admission nor offered any explanation disavowing his admission. *See* Reply 4-5, ECF No. 109; *Johnson*, 2007 WL 1650416, at *2 ("Johnson has made no attempt to contradict and explain his testimony. Although he states in his briefing that his previous testimony concerned the discrimination claims, Johnson does not direct the Court to any portion of his deposition for support, and the Court is not aware of any portion of Johnson's deposition that does implicitly contradict his admission by discussing the discrimination claims."). As Defendant further points out, Plaintiff's wife admitted that she was "guessing" when she gave her testimony and her testimony is not a disavowal by Plaintiff nor is an

---

S.W.3d at 401 ("The statutes implicated in this case are Texas Occupations Code sections 1702.101 and 1702.104(1)(D); they prohibit a person from conducting an investigation into, among other things, the cause or responsibility for a fire unless the person holds an investigations company license. . . . A person who is not licensed under chapter 1702 or who does not have a license application pending and who violates chapter 1702 may be assessed a civil penalty of $10,000 per violation, payable to the State. . . . It is undisputed that Powell did not hold such a license in October 2003 when he conducted his investigation at the house. . . . Assuming Powell violated chapter 1702, the appropriate remedy is a civil fine payable to the State, not the exclusion of his testimony under article 38.23."). Therefore, Dyer's testimony is not excluded under Section 1702.101.

explanation for changing Plaintiff's testimony. *See* Reply 5, ECF No. 109. As Defendant argues, Plaintiff's wife's speculative estimate is insufficient to create a genuine issue of material fact. *See* Reply 5, ECF No. 109. Therefore, Defendant's summary judgment motion should be granted. *See Garcia*, 2014 WL 517484, at *4-5 ("Here, Plaintiff has admitted during her deposition that she 'never thought Defendant Morgese was retaliating' against her. . . . Plaintiff's statement was clear, unambiguous, and intentional. . . . Second, Plaintiff has not provided any independent purpose explaining why Plaintiff made this statement. And finally, Plaintiff's statement was made intentionally and in the context of discussing her overall relationship with Defendant Morgese. Because Plaintiff's admission is a judicial admission, Plaintiff may not introduce testimony by affidavit to contradict it. . . . There is no genuine issue of material fact as to whether Defendant Morgese retaliated against her-Plaintiff's admission conclusively establishes that he did not. Plaintiff's admission forecloses her claims against Defendant Morgese and mandates a grant of summary judgment in favor of Defendants on the claim of retaliation by Defendant Morgese." (citing *Martinez*, 244 F.3d at 476-77)).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [ECF No. 80] is GRANTED.

**SO ORDERED**, this 20th day of September, 2016.

                                                                     _____
                                                                     PAUL D. STICKNEY
                                                                     UNITED STATES MAGISTRATE JUDGE